1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANE S. PHIPPS,

                              Plaintiff,

        v.

MARK KAIMAN, et al.,

                              Defendants.

CASE NO. C18-1684 TSZ-BAT

**REPORT AND
RECOMMENDATION**

Plaintiff, a Clallam Bay Corrections Center prisoner filed a *pro se* complaint seeking 42 U.S.C. § 1983 relief against defendants, Mark Kaiman, Jeffrey Lustick, and Adriane Madrone. Dkt. 4. The Court screens complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint here is deficient because it fails to state a claim upon which relief may be granted. Because the deficiency cannot be cured, the Court recommends it be dismissed with prejudice, without leave to amend.

REPORT AND RECOMMENDATION - 1

1

**FACTUAL ALLEGATIONS**

2       The complaint seeks relief against criminal defense counsel that plaintiff retained. In

3   specific, plaintiff alleges in April 2016, "Mark Kaiman and the Lustick, Kaiman, and Madrone

4   PLLC Law firm were hired to represent me on my criminal cases." Dkt. 4 at 3. A dispute

5   subsequently arose between plaintiff and his lawyers over the scope of counsels' representation.

6   Plaintiff alleges defendants agreed to represent him on all of his pending criminal cases but that

7   he was provided a written contract listing some but now all of his pending cases. *Id.* Plaintiff

8   claims he spoke with defendant Lustick who verbally assured plaintiff that defendants were

9   representing him on all of his cases, and that plaintiff should add to the written contract all of his

10   pending criminal case numbers. *Id.* At some later point, defendant Kaiman advised plaintiff that

11   defendants were not representing plaintiff in all of his criminal cases. *Id.*

12       Plaintiff and defendants were unable to resolve the dispute over the scope of defendants'

13   representation; plaintiff alleges he "fired" defendants and "filed a grievance with the Washington

14   State Bar Association." *Id.* at 4. After the Washington State Bar Association denied plaintiff's

15   grievances, plaintiff initiated this action. *Id.* As relief, plaintiff seeks $300,000 in damages and

16   an order suspending Mr. Kaiman from the practice of law.

17       **DISCUSSION**

18       To state a 42 U.S.C. § 1983 claim for relief, plaintiff must show his Constitutional or

19   federal statutory rights were violated by a State actor, i.e., a person acting under color of State

20   law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The complaint fails to state a

21   claim because it brings claims against privately retained counsel. "We start with the presumption

22   that conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim*, 639

23

1    F.3d 916, 922 (the Cir. 2011). Plaintiff thus has the burden of showing defendants are State

2    actors. *Id.* at 921. As pled, plaintiff cannot overcome this burden.

3        To begin, it is well established lawyers in private practice are not State actors for

4    purposes of a § 1983 claim. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,

5    1161 (9th Cir. 2010) ("Plaintiff cannot sue Mirante's counsel under § 1983, because he is a

6    lawyer in private practice who was not acting under color of state law."); *Stone v. Baum*, 409

7    F.Supp.2d 1164, 1176 (D. Ariz. 2005) ("Plaintiffs may not sue a lawyer in private practice for

8    violations of their civil rights because private practice attorneys are not state actors.").

9        Additionally, the complaint's allegations do not set forth facts in which a private actor

10    can be deemed to have engaged in State action. State action exists only if, there is such a 'close

11    nexus between the State and the challenged action' that seemingly private behavior 'may be

12    fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic*

13    *Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351

14    (1974)). A dispute between private counsel and his or her client about the scope of representation

15    is not State action and has nothing to do with State action.

16        In sum, the court recommends dismissing the complaint with prejudice. The complaint is

17    lodged against private counsel, not a State actor. The complaint involves a dispute over the scope

18    of representation between plaintiff and privately retained counsel, not State action taken by

19    private counsel. The complaint in short fails to state a claim for relief. As no amendment will

20    alter the fact that the complaint fails to state a claim upon which § 1983 relief may be granted, it

21    is further recommended that leave to amend the complaint be denied.

22

23

REPORT AND RECOMMENDATION - 3

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Plaintiff should therefore not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Plaintiff, however, may file objections no later than **December 10, 2018.**  The Clerk should note the matter for **December 14, 2018**, as ready for the District Judge's consideration if no objection is filed.  Objections shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 26th day of November, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4